## RIO GRANDE VALLEY CANNING CO. v. PIEDMONT LABEL CO., Inc.

### No. 10204.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 15, 1937.

Rehearing Denied Jan. 19, 1938.

E. A. McDaniel, of McAllen, for appellant.

Johnston & Newland, of Harlingen, for appellee.

SMITH, Chief Justice.

Rio Grande Valley Canning Company operates a cannery in the Rio Grande Valley, and Piedmont Label Company, Inc., is engaged in the business of manufacturing and printing labels for canned goods, such as that put out by appellant. In March, 1935, appellant ordered a large supply of labels from appellee, "to be of the 'A' and 'F' brand as per sketch attached, labels to be coated paper varnished, said order to be subject to proof submitted to buyer," as stated in appellant's brief. When a part of the order was printed and shipped to and received by appellant, the latter declined to accept them, and advised appellee to proceed no further in the matter. Appellee brought this suit to recover the contract price of the labels it had printed in pursuance of the order, and alleged it was ready and willing to deliver them to appellant. In a trial without a jury the trial judge rendered judgment for appellee as prayed for, and this appeal followed. Appellant has submitted the appeal on a single proposition, as follows:

"In this case the burden was upon the appellee, Piedmont Label Company, Inc., as a condition to its recovery to plead and prove that it had complied with all conditions contained in the contract of sale and purchase, and where the appellee having pleaded that the order for the goods, the alleged contract price for which it sued, was subject to proof being submitted to buyer and having introduced in evidence as the contract between appellee and appellant for the purchase of the labels the following instrument:

"'Piedmont Label Company, Inc.

"'Bedford, Virginia, March 18th, 1935

"'We have entered your order as follows: * * *

| | | | |
|---|---|---|---|
| 150 M | #1 | A. and F. Brand per sketch attached—coated paper | 110 |
| 350 M | #2 | Varnished Tomato. | 160 |

Price to be same as the price on Riona Products Co Label —order subject to approval of Proof Submitted to buyer. * * *

"'Rio Grande Valley Canning Co. Buyer
"'By C. L. Fortson
"'Piedmont Label Co., Inc., Seller
"'By A. H. Vayo'

and there being no evidence that proof of labels was finally submitted to the appellant and approved by it, but the undisputed evidence being that when final proof was submitted, that the same was rejected by the appellant, the appellee was not entitled to recover."

The trial judge made the following findings of fact, none of which are questioned on this appeal, and all of which are therefore binding upon this court:

"1. That plaintiff received from defendant the two orders for tomato labels, and

accepted said orders and sent defendant, confirmations of same as alleged in plaintiff's original petition.

"2. That the order of March 18, 1935, was accompanied by a pencil sketch of the design defendant wanted on said tomato labels, and from this an artist's sketch or proof in water color was made by plaintiff and presented to defendant as a proof of what the manufactured label would look like; that defendant approved said artist's sketch or proof except for some slight alterations that it desired and specified.

"3. That after defendant so approved said artist's sketch or proof, and sometime before the 7th day of May, A. D. 1935, plaintiff manufactured for defendant 347,-500 No. 2 size tomato labels and 99,000 no. 2-½ tomato labels; that the labels so manufactured substantially complied with the artist's sketch or proof that was approved by defendant, and with the changes desired and specified by defendant.

"4. That on May 7, 1935, plaintiff shipped part of the labels that it had manufactured to defendant, and on the same day received a telegram from defendant in which defendant told plaintiff not to ship any of the labels made for it; that plaintiff refused to pay for the labels which had been shipped to it, and refused plaintiff's tender of the balance of the labels that had been manufactured, and notified plaintiff that it would not accept any labels made or to be made for it.

"5. That plaintiff manufactured no labels for defendant after receipt of the telegram of May 7th, 1935, altho it tendered to defendant the labels already manufactured and offered to manufacture the balance of the labels ordered by defendant, if permitted to do so by defendant.

"6. That plaintiff is entitled to recover from defendant the contract price of the labels that it manufactured for defendant prior to the time that defendant notified plaintiff that it would not take the labels made for it."

We conclude that the judgment must be affirmed upon the findings that appellant approved the sketch submitted to him by appellee, subject to certain slight alterations required by appellant, and made by appellee in substantial compliance with those requirements.

The judgment is affirmed.